## Livingston v. The People ex rel.

1. *Judgment or Order in Bastardy—Commitment to Jail—Recitals.* —Under the ninth section of the Bastardy Act, which provides that the defendant shall be committed to the county jail if he refuses or neglects to give the security, the imprisonment is a legal consequence of a failure to comply with the judgment. It is a means provided by law for the enforcement of the judgment, and does not depend upon a recitation in the judgment or order of the court that such means may be resorted to.

2. *Judgment in Bastardy—Sufficiency.*—A judgment has nothing to do with the means provided by law for its enforcement. An order for execution or other process or means of enforcement provided by law is not an integral part and need not be set out in a judgment. So a judgment in bastardy proceedings which did not order that the defendant

be committed to jail if he failed to give the bond required by law, was held good nevertheless.

3. *Judgment in Bastardy—Failure to Provide for Annual Payments.*—The failure of a judgment in bastardy to direct to whom the annual payments should be made, does not invalidate the judgment.

Memorandum.—Order of committal in bastardy proceeding. Appeal from the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1891, and affirmed. Opinion filed October 17, 1892.

STATEMENT OF THE FACTS BY THE COURT.

At the April term, 1891, of the County Court of McDonough County, the appellant was convicted of being the father of a bastard child of the relatrix, and by the judgment of that court was condemned to pay the relatrix the sum of $100 for the support of the child for the first year after its birth and to pay thereafter $45 per annum in quarterly installments for a period of eight years, and required to give bond, with sureties, for the payment of such sums of money. The judgment did not order that he be committed to jail if he failed to give the bond, nor did the order direct to whom the annual payments of $45 should be made. The order upon appellant's prayer, therefore, granted him an appeal to the Circuit Court of the county, upon his filing, in twenty days, an appeal bond in the sum of $1,100, with approved security.

The relatrix presented to the County Court, at its June term thereafter, a petition in which she alleged that the appellant had not filed an appeal bond or given security for the payment of the sums of money required of him and had not paid the $100 ordered to be paid to her, and praying that he be committed to the county jail. The appellant came voluntarily into the County Court at its June term and filed an answer to this petition substantially denying all of its allegations and averring that the court had no jurisdiction to entertain the petition or grant the prayer thereof. The court, after hearing the evidence offered by the parties, found that the appellant had not perfected an

appeal, paid the money in question or given the security, and entered an order committing the appellant to the county jail until he should comply with the order of the court at its April term or be otherwise lawfully discharged.

From this order the appellant appealed to the Circuit Court of McDonough County, and being there defeated, prosecutes this appeal to this court.

### APPELLANT'S BRIEF.

In a conviction for bastardy the judgment should order the defendant committed to jail until he gives bond to make the payments required by the court. Rich v. People, 66 Ill. 513.

A judgment can not be changed at a subsequent term unless the judge's minutes show there is a mistake. The court can only correct the mistakes of its officers at a subsequent term, and not the mistakes of the court. Forquer v. Forquer, 19 Ill. 67; Lilly et al. v. Shaw et al., 59 Ill. 72; Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Lill v. Stookey, 72 Ill. 495; Troutman v. Hills, 5 Ill. App. 396.

A bastardy proceeding is properly and primarily within the jurisdiction of County Courts at their probate terms. People v. Stevens, 19 Ill. App. 405.

It is error to make the installments payable to any one but the county clerk. R. S., Chap. 17, Sec. 8; Moore v. People, 13 Ill. App. 251.

There must be an issue made before trial. R. S., Chap. 17, Sec. 4; People v. Woodside, 72 Ill. 410; Johnson v. People, 22 Ill. 314; Yundt v. People, 65 Ill. 372; Price v. People, 9 Ill. App. 36.

D. CHAMBERS and AGNEW & VOSE, attorneys for appellant.

### APPELLEES' BRIEF.

In a bastardy case the first payment does not go to the clerk as a matter of necessity. It is the yearly quarterly payments that must be paid to him. R. S., Sec. 8, Chap. 17.

County Courts have jurisdiction to enforce the collection of judgments in bastardy cases. R. S., Secs 10, 11 and 12, Chap. 17.

The Appellate Court will not consider errors made for the first time in that court. St. Clair Co. Ben. Soc. v. Fietsam, 97 Ill. 474; Chicago & Alton R. R. Co. v. Morgan, 69 Ill. 492; Thalman et al. v. Carr et al., 75 Ill. 385; The Massachusetts Life Ins. Co. v. Kellogg, 82 Ill. 614.

Motion in arrest of judgment and for a new trial should have been made in this case. Barnes v. Baker, 1 Gil. (Ill.) 401; Nimmo v. Kuykendall, 85 Ill. 476; Bills v. Stanton, 69 Ill. 51; Seihil v. Vaughn, 69 Ill. 257; Brannan v. Strauss, 75 Ill. 234.

The appellant can not complain for the first time in the Appellate Court that the Circuit Court erred as to the law applicable to the case, because no propositions of law were submitted to the Circuit Court for its holding. R. S., Section 42, Chap. 17, Practice Act; The N. W. Ben. and M. A. A. v. Hall, 118 Ill. 169; Hobs v. Furgeson Estate, 100 Ill. 232.

GEO. D. TUNNICLIFF, State's Attorney, L. Y. SHERMAN, and PRENTISS, BAILY & HOLLY, attorneys for appellees.

OPINION OF THE COURT, the Hon. Carroll C. Boggs, Judge.

The record does not bring before us for consideration the sufficiency or insufficiency of the evidence. The bill of exceptions made up and signed at the instance of the appellant does not state that it contains all or even any portion of the evidence. It does show the final order and judgment of the court and in this order it is recited that the court heard "the evidence produced by the parties." It is to be presumed, therefore, that the evidence which the court heard was sufficient to warrant the action of the court. We find in the record another bill of exceptions which does purport to preserve all the evidence. This bill was filed for the purpose of bringing before this court, by way of an

Livingston v. The People.

assignment of cross-errors, an exception taken by the rela-
trix to the ruling of the Circuit Court upon a motion made
by her to dismiss the appeal of the appellant, and it sets
out only the proceedings in the case up to the time when
such ruling was made. The statement in this bill that it
contains all the evidence must be understood to mean all
the evidence produced prior to and upon the hearing of the
motion to dismiss. If this latter bill could be brought to
the aid of the appellant it would in no wise serve to benefit
his cause—for we find from it that by the agreement of the
parties the findings of the County Court, as recited in the
transcript of the proceedings in that court, were to be re-
ceived and were received and read in evidence by agree-
ment as competent testimony. That the appellant failed to
pay the money or to give the security required by the order
of County Court at its April term, or to perfect an appeal
from that order, abundantly appears from such transcript.

Indeed it is manifest that the truth of the allegations of
the petition was not contested by the appellant in either
the County or Circuit Court—but that he and his counsel
at every stage of the proceedings relied solely upon the
supposed lack of legal power and jurisdiction of the County
Court to act upon the petition.

No propositions were presented to the court to be held
as the law of the case and we might content ourselves with
the observation that the record does not bring before us the
questions of law or fact that the appellant seeks to have
considered. We have, however, given attention to the as-
sertion that the County Court had not jurisdiction of the
petition nor legal power to act upon it.

The action of that court, at its June term, is not, as ap-
pellant urges, to be regarded as amendatory of the order and
judgment rendered at its April term. While it would
have been entirely proper, and perhaps in accordance with
the usual practice, to have included in that order or judg-
ment of the April term a declaration that the defendant
should be committed to the county jail if he failed to give
security or make the payment as required, yet we do not

think the right to thus enforce obedience to the judgment rests at all upon or grew out of such statement. The ninth section of the Bastardy Act provides that the defendant shall be committed to the county jail if he refuses or neglects to give the security. The imprisonment is a legal consequence of a failure or refusal to comply with the judgment—a means provided by law for the enforcement of the judgment—and does not depend at all upon a recitation in the judgment or order of the court that such means may be resorted to. A judgment has nothing to do with the means provided by law for its enforcement. An order for execution or other process or means of enforcement provided by law is not an integral part of a judgment, and need not be therein set out. Black on Judgments, Vol. 1, pages 4 and 8; 7th Amer. and Eng. Ency. of Law, page 119, note 6. The judgment of the April term was complete and needed no amendment to entitle the relatrix to demand its enforcement by the means provided by law. The appellant prayed and was granted an appeal from it upon filing an appeal bond within a specified period. He did not pay the money or give security therefor, as required by law—nor did he perfect an appeal.

The petition filed to the June term brought the knowledge of such default of the appellant to the court as a basis upon which to ground an application for the enforcement of the judgment.

The court found upon hearing, to which the appellant voluntarily submitted himself, that its order and judgment had not been complied with, and, as we think, properly ordered that the appellant be committed to the county jail, as provided by Sec. 9 of the Bastardy Act. At its April term the court might, no doubt, have committed the appellant to the custody of its officers or to the county jail until an appeal bond had been filed or security given for the payment of the money ordered to be paid, but this course was not imperative, nor was the right to enforce compliance by imprisonment lost, by reason of the leniency of the court in this respect.

Upon proof of non-compliance, afterward made, the judgment could lawfully be carried into execution in the manner pointed out by the statute.

All other complaints of the appellant relate solely to mere irregularities in the course of the trial at the April term of the County Court and can not avail the appellant in this, a mere collateral proceeding thereto.

The order and judgment of the Circuit Court must be and is affirmed.